IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONT THOMAS, #N11528, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0571-MJR |
| ) | |
| RANDLE BAYLER, LT. STANFORD, ) | |
| LT. STUCK, RUSSEL GOINS, MR. ) | |
| VAUGHN, OFFICER FISHER, JULIE ) | |
| MORRIS and MS. BROOKS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On September 19, 2012, Defendants filed a Suggestion of Death upon the record as to Plaintiff Lamont Thomas and a motion to stay (Docs. 38, 39). Federal Rule of Civil Procedure 25(a)(1) provides as follows:

> **Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The record shows that Defendants mailed a copy of the Suggestion of Death to Velma Thomas, who the Court assumes is Lamont Thomas's next of kin. Because the Suggestion of Death is served in the same manner as a motion to substitute, a nonparty must be personally served.

1

Consequently, the Court **RESERVES RULING** on Defendants' motion to stay (Doc. 39) to allow Defendants to inform the Court whether mailing the Suggestion of Death is sufficient to constitute personal service and the Certificate of Service is adequate evidence thereof or, if necessary, to effectuate personal service upon Ms. Thomas and provide proof to the Court that service has been achieved.  Defendants shall file a report or other documentation with the Court by October 10, 2012.

IT IS SO ORDERED.

DATED this 19th day of September, 2012

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge